UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ZIA H. SHAIKH,<br><br>                Plaintiff,<br><br>           -against-<br><br>DEBORAH H. SCHRON; MARLEN L. FORD; MADELINE F. EINBINDER; JOHN S. DORON; FRANCIS A. HODGSON JR.; TODD GARDINER; KELLY HELLWIG; DAVID P. DESPOTOPULOS; TIMOTHY M. BIBAUD; ROBERT PELLEGRINI; BRIAN M. D'ANDREA; BRADLEY D. BILLHIMER; JOHN FOTI JR.; MICHAEL G. MASTRONARDI; MATTHEW KUNZ; CHRISTOPHER PARISE; MICHAEL B. SCHNEIDER; SGT DAVID LIPARI; PTL N. RIKER; S.O. II GRIFFIN; PTL J. CHIPAK; PTL M. EUSTACE; OFFICER WARREN; OFFICER HORVATH; LAURA L. GERMADNIG; NANCY CAVANAUGH; SLAVA KLEYMAN; MARK GERMADNIG; STACY GERMADNIG; SIEGFRIED GERMADNIG JR.; BARUS GERMADNIG; STEVEN A. ZABARSKY; CITTA; HOLZAPFAEL & ZABARKY, P.A.; JAMES "JIM" HOLZAPFEL; ASSOCIATION OF INTERNATIONAL CERTIFIED PROFESSIONAL ACCOUNTANTS (AICPA); JOSEPH GUNTESKI; COWEN GUNTESKI & CO; JOHN R. WILEY; SETH ARKUSH; INTEGRATED CARE CONCEPTS LLC; JACKSON SCHOOL DISTRICT; SHORE REGIONAL HIGH SCHOOL DISTRICT; DR. LISA J. ENGLISH; JOHN DOE; JANE DOE 1-20; XYZ CORPORATION 110,<br><br>                Defendants. | 25-CV-10168 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, a New Jersey resident, brings this *pro se* action under 18 U.S.C. § 1962(c), 42 U.S.C. §§ 1983, 1985, 1986, and state law, alleging that Defendants violated his rights. There are more than 40 individuals and entities named as Defendants, referred to by Plaintiff collectively

as "the Enterprise." (ECF 1 at 2.) The "Foundation of the Enterprise" allegedly arises from Plaintiff's New Jersey divorce proceedings from Defendant Laura Germadnig. (*Id.* at 14.) Plaintiff alleges

> The Enterprise operates primarily through public institutions in New Jersey and Massachusetts—the Ocean County Superior Court (Family Part), Jackson Township and Allenhurst police and prosecutors, the Ocean County Prosecutor's Office and Sheriff's Office, and the Worcester District Court in Massachusetts—but its economic and reputational effects extend nationwide, including into this District, through the use of interstate mail and wires, national financial and credit reporting systems, and national professional bodies (including accounting and legal organizations) that are headquartered or conduct substantial business within the Southern District of New York.

(*Id.*)

According to Plaintiff, he filed this complaint here because this court is a "neutral forum with clear ties to the professional and financial components of the Enterprise," and because the "District of Columbia has . . . declined to serve as a forum for New Jersey–centric" matters.[1] (*Id.* at 6.)

Most Defendants are alleged to reside in New Jersey and are public figures, including New Jersey judges and court officials; two Defendants appear to reside in Massachusetts, and one Defendant, the Association of International Certified Professional Accountants, has an office in New York City. (*Id.* at 13.) For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the District of New Jersey.

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any Defendant resides, if all Defendants are residents of the State in which the district is located; (2) a judicial district in

---

[1] *See Shaikh v. Kirsch*, No. 25-CV-249 (D.D.C. Feb. 25, 2025) (transferring complaint arising out of divorce proceedings to the United States District Court for the District of New Jersey).

2

which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any Defendant is subject to the court's personal jurisdiction with respect to such action.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that the "Enterprise" violated his rights in connection with his New Jersey divorce proceedings and events allegedly stemming from those proceedings. He asserts that most Defendants reside or work in New Jersey, and he further states that the alleged events giving rise to his claims occurred in New Jersey. Based on these allegations, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2). Plaintiff's claims arose in New Jersey, which is in the District of New Jersey. *See* 28 U.S.C. § 110 Accordingly, venue lies in the District of New Jersey, 28 U.S.C. § 1391(b)(2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). This provision vests broad discretion with district courts to decline to transfer a case where it would not be in the interest of justice to effect such a transfer. *See Reese v. CNH America, LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

The Court notes that Plaintiff has previously filed lawsuits in New Jersey naming some of the same Defendants and arising from the same or related events allegedly stemming from Plaintiff's New Jersey divorce proceedings. *See Shaikh v. Germadnig*, No. 22-CV-2053, 2025 WL 1135263, at *4 (D.N.J. Apr. 17, 2025) (denying motion for reconsideration because "[a]ny notion that this Plaintiff has been denied an opportunity to be heard is belied by the record of this

3

case and the 27 cases that Plaintiff already litigated that share the common factual thread of his divorce that was finalized almost ten years ago.") The District of New Jersey has enjoined Plaintiff from further filings in a particular case, and "cautioned" him that he could be subject to a broader filing injunction or other sanctions if he persisted in engaging in frivolous or duplicative litigation. *See Shaikh v. Schron*, No. 24-CV-8249, 2025 WL 3042541, at *3 (D.N.J. Oct. 31, 2025) (cautioning Plaintiff "that the submission of frivolous motions in this matter may prompt this Court to issue an injunction or sanctions in the future."); *Shaikh v. Kirsch, et al.*, No. 25-1638 (D.N.J. July 1, 2025) (ordering the Clerk's Office in the District of New Jersey "not to accept any filings or filing fees submitted by [Plaintiff] in this matter without [the] approval of a District Judge."); *Shaikh,* No. 22-CV-2053, 2023 WL 4534127, at *33 (D.N.J. July 13, 2023) (putting Plaintiff "on notice that the Court will not tolerate filing repetitive papers attempting to re-litigate the results of his state court proceedings. The Court urges Plaintiff to carefully consider before making any future filings in this District, as the Court will not hesitate to impose sanctions, monetary or otherwise, if Plaintiff continues abusing the legal process.") *See also Shaikh v. Comm'r of Internal Rev.*, No. 25-1215, 2025 WL 1201871, at *2 (3d Cir. 2025) (summarily affirming the imposition of a monetary penalty because the Tax Court "gave Shaikh notice that continuing to file frivolous filings would result in the imposition of a penalty, and in response, Shaikh filed yet another submission repeating the same arguments he had already raised. Under these circumstances, Shaikh should have known that his actions could result in sanctions.")

In light of Plaintiff's *pro se* status, and in an abundance of caution, the Court transfers this action, in the interest of justice, to the United States District Court for the District of New Jersey, 28 U.S.C. § 1406(a). Plaintiff is warned, however, that this Court will not tolerate the

4

abuse of its limited resources. Plaintiff is on notice that venue for his claims is not proper here. Further frivolous litigation, including complaints that are duplicative or not properly filed here, may result in an order barring Plaintiff from filing new actions *in forma pauperis* in this court unless he receives prior permission. *See* 28 U.S.C. § 1651. *See Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where frequent *pro se* litigant may be charged with knowledge of particular legal requirements); *Wolf v. United States Fed. Bur. of Investig.*, No. 16-CV-9436 (JMF), 2018 WL 582472, at *3 (S.D.N.Y. Jan. 26, 2018) (noting the court's "sneaking suspicion that Petitioners filed in this District to evade the litigation bar imposed in" another jurisdiction, and issuing warning that a filing injunction could issue).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Local Civil Rule 83.1, directing the Clerk of Court to effectuate transfer seven business days from the date of this order, is waived. A summons shall not issue from this Court. This order closes this case.

Plaintiff is warned that further frivolous litigation in this Court may result in an order barring Plaintiff from filing new actions in this court *in forma pauperis* unless he receives prior permission. *See* 28 U.S.C. § 1651.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   December 12, 2025
         New York, New York

                                                /s/ Laura Taylor Swain
                                                LAURA TAYLOR SWAIN
                                            Chief United States District Judge